C. P. HOGSED ET AL. v. GLOUCESTER LUMBER COMPANY.

(Filed 22 December, 1915.)

1. Appeal and Error—Former Appeal—Second Appeal—Different Parties.

Where the Supreme Court has decided the matters presented on appeal by some of the parties interested in the controversy, other parties thereto may not prosecute a second appeal from the application by the referee of the principles formerly passed upon, for the former decision is the law of the case and cannot be reviewed on a second appeal.

2. Liens—Statutes—Cutting Logs—Appeal and Error—Costs.

The definition of laborers who are entitled to a lien for work while engaged in cutting logs into lumber, under the provisions of chapter 150, sec. 6, Laws 1913, as decided in *Glazener's case,* 167 N. C., 676, is further classified in this case; and the laborers being entitled to a lien upon their employers' interest in the lumber, it is held that the amounts due them be retained out of such interest and paid over to them. The plaintiffs, having established their lien, are entitled to recover cost of appeal. Revisal, 1279.

WALKER and HOKE, JJ., dissent.

APPEAL by defendant from *Long, J.,* at Spring Term, 1915, of TRANSYLVANIA.

*O. W. Clayton and N. Y. Gulley for plaintiffs.*
*Welch Galloway and Alf. Barnard for defendant.*

CLARK, C. J. This case was before this Court under the title *Glazener v. Lumber Co.,* 167 N. C., 676. It now comes up on appeal from the judgment applying that decision to the facts found by the referee.

34—170

HOGSED *v.* LUMBER CO.

The former decision is the law of the case, and cannot be reviewed on a second appeal.

Laws 1913, ch. 150, sec. 6, provides: "Every person doing the work of cutting or sawing logs into lumber . . . shall have a lien upon said lumber for the amount of wages due them, and the said lien shall have priority over all other claims or liens upon said lumber, except against the purchaser for full value and without notice thereof." We are of opinion, upon the list of claimants found by the referee and their vocations, that the following can be deemed to have been engaged in "the work of cutting or sawing logs into lumber," *i. e.,* Glazener, mill hand, piling lumber; Boyd, mill hand, inspecting lumber from saw; Whit Myer, mill hand, handling lumber; and all others who were found to have been mill hands handling the lumber, including the sawyer, the lumber stacker, the mill foreman, the slabman, the saw filer, the engineer for the mill engine, the fireman at the mill boiler, the lumber handler, the edgerman, the jacker and piler.

But we do not think that under the description "doing the work of cutting or sawing logs into lumber" will fall those described as engaged on the train hauling logs, such as the engineer on the log train, the trimmerman, the dogger on carriage (unless this means on the saw carriage, in which case he would be engaged in cutting), fireman on the log train, conductor and brakeman on the same, and others engaged in bringing logs to the mill to be thereafter sawed into plank by those engaged in that service. The men engaged in working on the log train in any capacity, the night watchman, and all connected with the repairs to the machinery, or running the log train or bringing in the logs, cannot be said to come within the description, "engaged in the work of cutting or sawing logs into lumber," as defined by us in *Glazener v. Lumber Co.,* 167 N. C., 676.

In said former case we held that the plaintiffs were entitled to a lien upon whatever interest in the lumber their employer, Campbell, should be found to have upon the settlement of the suit pending between Campbell and the lumber company. Whenever that amount is ascertained the liens of the laborers are the first thereon, and by virtue of the judgment in this case said amount must be retained by the lumber company and paid over to these plaintiffs so entitled. The lumber company will receive credit for such amount in settlement with Campbell, if they owe him so much.

The costs of this appeal will be taxed in favor of the plaintiffs, since they have recovered judgment for a part of their demand, and the lien has been determined in their favor. Revisal, 1279.

The judgment below, in accordance with this opinion, will be
Modified.

WALKER, J., and HOKE, J., dissent.