BRYSON & BRYSON v. GENNETT LUMBER COMPANY.

(Filed 31 May, 1916.)

**1. Liens—Laborers—Lumber—Statutes—Trials—Instructions.**

In an action to establish a laborer's lien upon manufactured lumber, under the provisions of chapter 150, sec. 6, Public Laws 1913, the plaintiff must show compliance with the various statutory requisites; and a charge as to notice that the jury should return a verdict for the plaintiff should they find that he attached "the notice to the lumber" on the defendant's yard, is deficient and erroneous in leaving out the question as to whether the defendant had been served with a copy of the claim within five days after filing the lien with the justice of the peace, or that he could not be found.

**2. Liens—Laborers—Lumber — Statutes—Amount Due by Owner — Subcontractors.**

Where a laborer in the manufacture of lumber employs another laborer to assist him in his work, and the latter seeks to enforce the lien given by chapter 150, sec. 6, Laws 1913, for the value of the work he has done, it must be made to appear that the owner was due his own contractor, for the lien claimed can only be enforced to that extent, the object of the statute being to protect the laborer against any transfer of the lumber by the owner, who while indebted to his contractor, and insolvent, might otherwise pass the title to a *bona fide* purchaser for value, without notice of the lien.

CIVIL ACTION tried before *Ferguson, J.*, and a jury, at October Term, 1915, of JACKSON.

Plaintiffs sued for $54.45 due by account for labor performed. They were employed by one Frank Bailey to cut certain timber belonging

to the defendants. Bailey had been employed by defendants to cut the timber and he employed plaintiffs to help him. They cut a part of the timber and received a written order from Frank Bailey to the defendants to pay them their wages, which amounted to $75. Plaintiffs presented this order to defendants (a partnership) and there is evidence that they orally accepted the same, or promised to pay it, and actually paid $20 on it at that time, but refused to pay the balance.

There was evidence on the part of the defendants which conflicted with that of the plaintiffs, and it tended to show only a conditional acceptance of the order.

The court charged the jury to return a verdict for the plaintiffs if they found that Frank Bailey owed the plaintiffs $54.45 for cutting the logs and that plaintiffs attached "the notice to the lumber" on the defendant's yard and brought their suit within the time specified in the statute, as this would give them a lien thereon, it being admitted that the defendants took possession of the lumber.

Verdict and judgment for the plaintiffs, and appeal by defendants.

*No counsel for plaintiff.*
*Coleman C. Cowan for defendant.*

WALKER, J., after stating the case: The statute under which the suit was brought is chapter 150, Public Laws 1913, sec. 6. It provides that where the laborer's wages for thirty days or less are due and unpaid, he shall file notice of his claim with the nearest justice of the peace in the county where the work was done, stating the number of days the labor was performed and the person for whom it was performed, the price per day, and the place where the lumber is situated, which statement shall be signed by the laborer or his attorney, and thereupon, and within five days after filing the notice with the justice of the peace, he shall deliver to the owner of the lumber a copy of the said notice; and if the owner cannot be found, the notice must be attached to the lumber upon which the labor was performed, and upon this being done, any person buying said lumber (after the notice has been filed with the nearest justice of the peace) shall be deemed to have purchased the same with notice of the lien, but no action shall be maintained against the owner of the lumber unless brought within thirty days after the notice was filed with the justice of the peace as provided by the statute.

The court should have embraced in its charge all of the requisites or facts material to a valid lien, so that the jury could have found the facts in regard thereto, and the validity of the lien determined. There is no evidence that any attempt was made to serve a copy of the claim on the defendants within five days after filing the lien with the justice of the peace, and none that they could not be found. The evidence rather

tends to show that they could have been found. But waiving this apparent defect in the charge, we are of the opinion that it did not correctly state the law of the case to the jury. The statute of 1913, as previously construed by this Court, was intended to give a lien in favor of those embraced by its terms only when the owner of the lumber, upon which the labor was bestowed, is indebted to the contractor by whom the person claiming the lien was employed. In *Glazener v. Lumber Co.,* 167 N. C., 676, a case substantially similar to this one, the Court said: "It is admitted that the lumber company had no control over the employees of Campbell, and did not assume any obligation to pay them after they entered Campbell's employment, and the court found that the debts due the plaintiffs were the sole obligations of Campbell, except in so far as they might, as a matter of law, have the lien which they claim. . . . C. P. Hogsed worked in the band sawmill, receiving the plank as it fell from the saw and placing it upon a mechanical device, and there is due him for said service and labor a balance of $12.30 for work and labor done in November, 1913, for which he brought action and filed the lien on the same property as Fisher and Glazener. . . . The court was not asked to find whether the lumber company was indebted to Campbell upon the contract, as there is an action pending between them to settle their differences. The court adjudged that the claim of Glazener, who was an employee in the blacksmith shop making repairs on the cars, and of Fisher, who was a railroad hand working on the track and repairing bridges, were not liens upon the lumber or other property named above in the lien filed, but that the claim of Hogsed, who aided in cutting the lumber by taking the boards from the saw as cut and placing them on a truck, was a lien, provided, of course, that there was an indebtedness found to be due from the lumber company to Campbell at the time the notice of the lien was given. . . . We think his Honor's decision was well considered and correct as to all three parties."

C. P. Hogsed claimed a lien, in that case, under the statute of 1913, ch. 150, sec. 6, the same one under which the plaintiff seeks to recover in this action.

In *Hogsed v. Lumber Co.,* 170 N. C., 529, the Court said, referring to *Glazener v. Lumber Co., supra:* "In the said former case we held that the plaintiffs were entitled to a lien upon whatever interest in the lumber their employer, Campbell, should be found to have upon the settlement of the suit pending between Campbell and the lumber company. Whenever that amount is ascertained, the claims of the laborers are entitled to a first lien thereon, and by virtue of the judgment in this case said amount must be retained by the lumber company and paid over to these plaintiffs so entitled. The lumber company will receive credit for such amount in settlement with Campbell, if they owe him so much."

It appears from those two cases that plaintiff cannot recover unless he is able to show that the defendant at the time plaintiff's lien was filed was indebted to his employer, Frank Bailey; and if he succeeds in doing so, he may have judgment only to the extent of that indebtedness. This would seem to be a reasonable construction of the statute, as under the other construction the owner might in good faith and without any notice of outstanding claims against his contractor settle with him, and be subjected to a double payment without any fault on his part. The notice and lien were intended to protect the laborer against any transfer of the lumber by the owner, who, while indebted to the contractor and insolvent, might without this safeguard pass the title to a *bona fide* purchaser for value and without notice of the laborer's claim, and thereby defeat it.

It follows that there was error in the charge.

New trial.